**IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI**

BRIDGET BRADLEY,

Plaintiff,

vs.

Cause No.: CI 2026-528 CWD
JURY DEMANDED

WALMART, INC. and
WAL-MART STORES, INC.

Defendants.

**COMPLAINT**

**COMES NOW** the Plaintiff, by and through her counsel, and would show unto the Court as follows:

**I.**

That your Plaintiff is a resident citizen of Memphis, Shelby County, Tennessee; that the Defendant Walmart, Inc., is a business licensed and authorized to do business in the State of Mississippi; and that the Defendant, Wal-Mart Stores, Inc., is a business licensed and authorized to do business in the State of Mississippi.

**II.**

Plaintiff, Bridget Bradley, was a patron at Walmart, Inc., located at 6811 Southcrest Parkway, Southaven, DeSoto County, Mississippi, which is owned and maintained by the above-named Defendants, through their agents, employees and/or representatives for the use of its visitors and guests. The Plaintiff was injured on September 12, 2024, when, without warning, your Plaintiff fell due to a wet and slippery substance on the lobby floor from a leak in the ceiling near the exit and/or entrance of the store.

FILED
DESOTO COUNTY, MS
AUG 06 2026
[signature]
CIRCUIT COURT CLERK

EXHIBIT 1

Plaintiff would show that the Defendant's business, located at 6811 Southcrest Parkway, Southaven, DeSoto County, Mississippi, at which your Plaintiff Bridget Bradley fell and upon which she sustained injuries, was left in a dangerous and defective condition by the Defendants, Walmart, Inc. and/or Walmart-Stores, Inc. Upon further information and belief, the surface of the floor presented a hazard to your Plaintiff, causing her to fall to the floor. The proximate cause of the injuries to the Plaintiff, Bridget Bradley, was due to the negligence of the Defendants.

III.

Your Plaintiff charges and alleges that as a direct and proximate result of the negligence on the part of the Defendants, your Plaintiff, Bridget Bradley, suffered severe personal injuries including, but not limited to:

a) Cervical spondylosis without myelopathy;
b) Cervical radicular pain;
c) Lumbar spondylosis;
d) Radiculopathy, lumbosacral region;
e) Bilateral carpal tunnel syndrome;
f) Severe fright and shock;
g) Great physical pain and mental anguish;
h) Impaired ability to enjoy the normal pleasures of life;
i) Large medical expenses, past, present, and future; and
j) Injuries more particularly described in the medical records.

IV.

Agency: Upon information and belief, at all relevant times herein, Defendant Walmart, Inc., acted as agent of Defendant Wal-Mart Stores, Inc. and, as such, Defendant Wal-Mart Stores, Inc. ratified or authorized the acts or omissions of Walmart, Inc.

Case: 3:26-cv-00275-GHD-RP Doc #: 1-1 Filed: 09/15/26 4 of 5 PageID #: 10

V.

At all times material to this Complaint, the Defendants had exclusive control of the property in question and had a duty to maintain the premises in a safe condition.

1. The Defendants had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn guests and visitors of the existence of such conditions and/or to correct such conditions promptly.

2. The Defendants had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff, Bridget Bradley, to suffer her injuries.

3. The Defendants were guilty of negligence in that they failed to maintain the premises and ensure same was in a safe condition; failed to inspect the premises on a timely basis; failed to prevent or discover the dangerous condition and objects which caused Plaintiff, Bridget Bradley injury; and failed to correct the dangerous condition in a timely manner.

4. The Defendants were further guilty of negligence in that they failed to post sufficient and adequate warning signs as to the danger therein, so as to create an inherently dangerous situation for patrons and visitors attempting to use the premises.

5. As a direct and proximate result of the negligence on behalf of the Defendants, your Plaintiff, Bridget Bradley has suffered severe injuries, set out more particularly in her medical records. The Plaintiff, Bridget Bradley, may require additional medical treatment in the future and she has incurred significant medical expenses.

6. As a direct and proximate result of the negligence on behalf of the Defendants, your Plaintiff, Bridget Bradley has suffered physical pain, mental anguish, loss of enjoyment of life, and impaired ability to enjoy the normal pleasures of life.

7. That the Defendants were guilty of negligence in allowing an unsafe condition to exist on the premises without maintenance and/or treatment of said condition. Said condition having existed for a period of time that your Defendants knew or should have known of the dangerous condition and had not taken adequate precautions to remedy the area of said dangerous condition. That your Plaintiffs' injuries and damages were the direct and proximate result of the negligence of the Defendants in creating and failing to remedy said dangerous and defective condition.

VI.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS:**

1. That proper process issue against the Defendants requiring them to plead and answer.
2. That Plaintiff, Bridget Bradley, be awarded compensatory damages in the amount of TWO HUNDRED THOUSAND DOLLARS AND 00/100 ($200,000.00).
3. That the Plaintiff be granted whatever other relief, general or specific, this Court deems equitable and just.
4. Plaintiff demands a Jury to try these issues when joined.

Respectfully submitted,

GATTI, KELTNER, BIENVENU & MONTESI

By: [signature]

W. David Cheek (#9337)
Attorney for Plaintiff
219 Adams Avenue
Memphis, TN 38103
(901) 526-2126